UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGNOLIA FLEET, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8363** |
| **RICK GREY** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Before the Court are defendant Rick Grey's motion to dismiss (Rec. Doc. 7), plaintiff Magnolia Fleet, LLC's opposition (Rec. Doc. 11), and plaintiff's request for oral argument (Rec. Doc. 23). For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss is **GRANTED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the request for oral argument is **DISMISSED AS MOOT**.

**FACTS AND PROCEDURAL HISTORY**

Defendant was employed by plaintiff as a deckhand. Defendant worked aboard a vessel operated by plaintiff, M/V LYNNE. *See* Rec. Doc. 1 at 2. Defendant contends that he sustained lower back injuries on April 3, 2018, while in the service of the M/V LYNNE, due to a slip and fall in the vessel's shower stall. *See id*. Plaintiff provided defendant with medical care on that day, at which time defendant was diagnosed with pain in his thoracic spine,

and given no-work status. *See id*. Defendant later began treating with Dr. Dyess, complaining of neck pain; finger pain; shoulder pain; ankle pain with some numbness and weakness; memory loss; ringing ears; blurred vision; and headaches. *See id*. at 2-4. Plaintiff contends that in light of defendant's treatment, it has acted reasonably and prudently in providing defendant with maintenance and cure benefits under protest. Such benefits remain ongoing. *See id*. at 4.

As a result of defendant's complaints and Dr. Dyess's recommendation(s), plaintiff arranged independent medical evaluations and treatment for defendant to investigate defendant's claims. *See id*. According to plaintiff, defendant has refused to undergo independent medical evaluations and execute blank medical and employment records authorizations. *See id*. at 4-6.

On September 4, 2018, plaintiff filed a complaint for declaratory judgment asking that the Court to order plaintiff to submit to independent medical examinations and declare its maintenance and cure obligations. *See id*. at 7-8. Plaintiff hopes that necessary discovery can be conducted, and the rights, obligation, and liabilities of the parties can be determined. *See id*. at 7.

On October 8, 2018, defendant filed a motion to dismiss. *See id*. at 1. On October 16, 2018, plaintiff filed a response in opposition. *See* Rec. Doc. 11. There is no reply.

**LAW AND ANALYSIS**

Federal courts have great discretion to entertain, stay, or dismiss a declaratory judgment action. *See Chet Morrison Offshore, L.L.C. v. Heyden*, 2007 U.S. Dist. LEXIS 34763, at *2 (E.D. La. 2007). In exercising this discretion, federal courts must balance on the record the purposes of the action and factors relevant to the abstention doctrine. *See id*. The six factors that are relevant to this consideration are (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses, and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

There is a pending state court action in which these issues will be addressed as defendant has now filed a petition of damages in a Louisiana state court under the saving suitor's clause. This forum is not more or less convenient than the state forum. This factor is neutral at best because the parties and their counsel are located in the New Orleans area and the incident itself

3

occurred in the St. Mary Parish area. Maintaining this action while a state court action with the same issues is pending would not serve the purpose of judicial economy.

Accordingly and on balance, the factors weigh in favor of dismissal of the instant action. With no reason to depart from longstanding precedent, defendant's motion to dismiss is granted without prejudice. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 195 (5th Cir. 1991); *Specialty Diving of Louisiana v. Mahoney*, 2006 U.S. Dist. LEXIS 3609, at *1 (E.D. La. 2006); and *The Complaint of T. Baker Smith & Son, Inc.*, 1998 U.S. Dist. LEXIS 4136, at *1 (E.D. La. 1998).

New Orleans, Louisiana this 25th day of July, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE